IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA WOODS,

          Plaintiff,

v.                                          CIVIL ACTION NO.  2:23-cv-00154

DOLGENCORP, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Linda Woods' ("Plaintiff") Motion to Remand Civil Action to Circuit Court.  (ECF No. 4.)  For the reasons more fully explained below, the motion is **GRANTED**.

I.    BACKGROUND

This matter arises from a personal injury action originating in the Circuit Court of Clay County, West Virginia.  Plaintiff is a West Virginia citizen.  (ECF No. 1-1 at 1, ¶ 1.)  Defendant Dolgencorp, LLC ("Defendant") is a Kentucky limited liability company.  (*Id.* at 1, ¶ 2.)  Defendant operates the Dollar General store in Wallback, West Virginia.  (*Id.* at 2, ¶ 3.)

Plaintiff alleges that on or about August 21, 2020, she was shopping at the Wallback Dollar General.  (*Id.* at 3, ¶ 11.)  While there, Plaintiff fell in a pool of water on the floor.  (*Id.* at 3, 4, ¶¶ 13, 16.)  Plaintiff alleges Defendant knowingly allowed the pool of water to accumulate but failed to warn customers.  (*Id.* at 3–4, ¶ 14.)  Plaintiff also alleges that she "suffered severe

1

injuries to her hip, knee and back." (*Id.*) These injuries have since required Plaintiff to undergo "extensive medical treatment," (*id.*), and "incur significant medical expenses," (*id.* at 5, ¶ 23).

Plaintiff filed suit against Defendant in the Circuit Court of Clay County, West Virginia, on July 18, 2022. (ECF No. 1 at 1.) Her complaint includes a single negligence claim. (ECF No. 1-1 at 6–7.) In her prayer for relief, Plaintiff requests damages for medical costs and related expenses, pain and suffering, emotional distress, and loss of enjoyment of life. (*Id.* at 8–9.) Plaintiff also seeks punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. (*Id.*) Notably, in keeping with West Virginia practice, Plaintiff's prayer does not contain the exact sum sought.[1] (*See id.*)

Once service was complete, the parties proceeded to litigate this case in circuit court. Defendant served Plaintiff with initial discovery requests in August 2022. (ECF No. 1-6 at 1.) Among those requests was Defendant's Interrogatory #4, which asked Plaintiff whether she had received any medical treatment as a result of Defendant's alleged negligence. (ECF No. 5 at 3.) If so, the Interrogatory also asked her to state the costs of such treatment. (*Id.*) Plaintiff answered in the affirmative on October 6, 2022. (*Id.*) As for her treatment costs, she directed Defendant to a series of medical bills "BATES numbered WOODS 000014 through WOODS 000927." (*Id.*) Those bills amounted to $30,317.52. (ECF No. 5 at 4.)

Plaintiff's treatment costs were later a point of conversation on February 10, 2023, when Defendant deposed Plaintiff. At that deposition, Defendant once again asked Plaintiff to "provide the total of her medical bills." (*Id.* at 5.) The parties went off the record. (*Id.* at 5–6.) Defendant avers that the parties discussed Plaintiff's medical expenses and that "Plaintiff's counsel

---

[1] West Virginia Code § 55-7-25 prohibits personal injury plaintiffs from stating in their complaint the "specific dollar amount . . . sought."

2

advised that they would provide the proper amount of Plaintiff's medical bills to defense counsel." (*Id.* at 6.) However, that has yet to happen.[2] (*Id.*)

Defendant then removed the case to this Court on February 23, 2023. (ECF No. 1.) In its Notice of Removal, Defendant asserts the Court has diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 2–3.) Plaintiff promptly filed a motion to remand on March 6, 2023, wherein Plaintiff argues that Defendant's notice of removal was untimely. (ECF No. 4.) Defendant filed a response on March 13, 2023, (ECF No. 5), to which Plaintiff replied on March 22, 2023, (ECF No. 6). The matter is now ripe for adjudication.

## II. GOVERNING LAW

A defendant may remove a civil action from state to federal court when the federal court can exercise original jurisdiction over the case. 28 U.S.C. § 1441(a). As relevant here, federal courts have original jurisdiction over cases between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1)–(b). Importantly, the amount in controversy "is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (internal quotation marks omitted); *see also Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W. Va. 2011) ("[T]he amount in controversy is what the plaintiff claims to be entitled to or demands.").

The right to remove is not absolute. The defendant must ordinarily file its notice of removal within 30 days of being served with the complaint. 28 U.S.C. § 1446(b)(1); *see also*

---

[2] The Court notes that Defendant's brief cites to certain portions of Plaintiff's deposition, but for reasons not apparent to the Court, Defendant failed to include those portions of the deposition transcript as part of its attached exhibits. (*See, e.g.*, ECF No. 5 at 5 n.15, 6 n.19.)

3

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Sometimes, though, "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3). In those situations, the 30-day removal clock does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see also Skidmore v. Norfolk S. Ry. Co.*, 1 F.4th 206, 210 (4th Cir. 2021) (explaining that "a defendant's 30-day removal clock doesn't begin until the basis for removal jurisdiction becomes 'apparent within the four corners of the initial pleading or subsequent paper.'" (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997))). The Fourth Circuit has "interpreted the 'motion, order or other paper' requirement broadly to include any information received by the defendant, whether communicated in a formal or informal manner." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186–87 (4th Cir. 2017) (some internal quotation marks omitted).

Once removed, the defendant must prove by a preponderance of the evidence that removal is proper. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Scaralto*, 826 F. Supp. 2d at 962. This includes proving that removal was timely. *See Lovern*, 121 F.3d at 161. However, because removal infringes on state sovereignty, federal courts must strictly construe the removal statute. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). In other words, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016); *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").

### III. DISCUSSION

*A. Timeliness*

The parties dispute when this case first became removable. Plaintiff argues the case was removable from its inception in July 2022. (ECF No. 4 at 2.) Plaintiff further argues that even if the case was not initially removable, it became removable once she sent her medical bills to Defendant on October 6, 2022. (ECF No. 4 at 2–3.) Defendant begs to differ. "Prior to February 2023," Defendant says, there was "no reasonable basis to ascertain that the amount in controversy exceeded $75,000.00." (ECF No. 5 at 6.) The Court disagrees.

The facts here demonstrate this case became removable on October 6, 2022. To be sure, Defendant did not know until that day that Plaintiff had roughly $30,000 in medical bills.[3] But Defendant *already knew* that Plaintiff was also seeking non-economic damages for pain and suffering, emotional distress, and loss of enjoyment of life, along with punitive damages. All that considered, Defendant could have "easily conclude[d] the amount in controversy [was] satisfied."[4] *Bailey v. Ford Motor Co.*, 5:06-cv-00061, 2006 WL 3456698, at *2 (S.D. W. Va. Nov. 30, 2006) (quoting *Campbell v. Rests. First/Neighborhood Rest. Inc.,* 303 F. Supp. 2d 797, 799 (S.D. W. Va. 2004)) (concluding that the amount in controversy requirement was met where the plaintiff claimed $27,000 in economic damages and was seeking non-economic damages for a permanent injury). Whether Defendant subjectively knew that Plaintiff was seeking more than $75,000 in

---

[3] Plaintiff produced these bills as part of a standard discovery response, which falls within the meaning of an "other paper" for removal purposes. *Dougherty v. Cerra*, 987 F. Supp. 2d 721, 726–27 (S.D. W. Va. 2013) (concluding that "[f]ormal discovery requests clearly fall within" the scope of the "motion, order or other paper" requirement).

[4] Defendant also seems to think the bills Plaintiff produced did not clearly indicate the amount of damages she claims because some expenses "do not relate to the injuries allegedly incurred by Plaintiff." (ECF No. 5 at 4.) The Court disagrees once more. Quite frankly, whether those expenses relate to Plaintiff's injuries is for a jury to decide. Syl. Pt. 5, *Hatten v. Mason Realty Co.*, 135 S.E.2d 236 (W. Va. 1964). All that matters right now is that Plaintiff has put those expenses at issue in this case. *Scott*, 865 F.3d at 196. Even if the Court were to credit Defendant's self-serving arithmetic, the claimed medical expenses would still be $25,517.67, which would not alter the Court's analysis.

damages in irrelevant. *Lovern*, 121 F.3d at 162. It is enough that Defendant, using the information it had on October 6, could have ascertained that the case was removable. *Adkins v. Wells Fargo Bank, N.A.*, 5:09-cv-01333, 2010 WL 1780255, at *4 (S.D. W. Va. May 3, 2010).

Defendant complains that it could not have known that the case was removable then because Plaintiff's "medical bills were heavily redacted." (ECF No. 5 at 3.) This misstates the facts. Defendant's interrogatory asked Plaintiff to provide the costs of any medical treatment she needed because of Defendant's alleged negligence. Plaintiff obliged, and in doing so, produced approximately 35 different bills, each clearly listing the total charge incurred. True, certain portions of some bills were redacted. But those redactions did not stop Defendant from calculating Plaintiff's medical expenses. (*Id.* at 4 (admitting that Defendant used the redacted bills to "calculate[] Plaintiff's medical [expenses] as totaling $30,317.52")).

Having settled when the case became removable, the remaining analysis is quite simple. Defendant's 30-day removal clock began on October 6, 2022. *Skidmore*, 1 F.4th at 210. Defendant nevertheless waited until February 23, 2023, to file its notice of removal, well past the 30-day limit. (ECF No. 1.) As such, Defendant's notice of removal was untimely, and this case must be remanded to the Circuit Court of Clay County, West Virginia. *Northrop Grumman Tech. Servs., Inc.*, 865 F.3d at 187–88.

B. *Diversity of the Parties*

Before concluding, the Court feels compelled to discuss another defect in Defendant's notice of removal: Defendant's failure to properly allege diversity of the parties.

Diversity jurisdiction requires complete diversity among the parties. 28 U.S.C. § 1332; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). That is, "each defendant [must be] a

citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis omitted). The test for determining a party's citizenship varies, depending on whether the party is an individual, partnership, or corporate entity. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–90 (1990); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 380–81 (2016). "[T]he citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Worded a little differently, a limited liability company shares the citizenship of each of its members. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). Courts making this determination, then, need two pieces information: (1) every member's identity and (2) their state citizenship. *See id.*

That is where Defendant's notice of removal falls short. Defendant is a limited liability company, but its notice of removal says nothing of its member(s). (*See generally* ECF No. 1.) Not a word is offered about who they are or their state citizenship. (*Id.*) Defendant instead, for whatever reason, avers that it "is a foreign corporation with a principal place of business in Goodlettsville, Tennessee." (*Id.* at 3.) Putting aside that Defendant misstates its own corporate structure, Defendant's principal place of business is irrelevant to the jurisdictional inquiry. *See Cent. W. Va. Energy Co.*, 636 F.3d at 103. Members are all that matter here, and Defendant failed to provide the necessary information to prove diversity of the parties.[5]

---

[5] The Court notes that Plaintiff is a West Virginia citizen, (ECF No. 1-1 at 1, ¶ 1); *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008), but that only accounts for one side of the v. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 353 (4th Cir. 2020) ("Because of th[e] 'complete diversity' rule, a federal court must determine and compare the citizenship(s) of all plaintiffs and all defendants before exercising diversity jurisdiction under § 1332(a).").

### IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand Civil Action to Circuit Court.   (ECF No. 4.)   The Court hereby **REMANDS** this case to the Circuit Court of Clay County, West Virginia.   The Court further directs the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    May 16, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

8